Service: **Get by LEXSTAT®**
TOC: General Laws of Rhode Island, Constitution, Court Rules & ALS, Combined > / . . . / > CHAPTER 37.3. CONFIDENTIALITY OF HEALTH CARE COMMUNICATIONS AND INFORMATION ACT > **§ 5-37.3-6. Court proceedings -- Confidential health care communication**
Citation: **RI Gen Laws 5-37.3-6**

*R.I. Gen. Laws § 5-37.3-6*

General Laws of Rhode Island
Copyright; 1953-2005 by the State of Rhode Island and Providence Plantations and Matthew Bender & Company, Inc.

*** Current through the January 2005 Session ***
*** Annotations current through August 26, 2005 ***

TITLE 5. BUSINESSES AND PROFESSIONS
CHAPTER 37.3. CONFIDENTIALITY OF HEALTH CARE COMMUNICATIONS AND INFORMATION ACT

♦ **GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION**

R.I. Gen. Laws § 5-37.3-6 (2005)

§ 5-37.3-6. Court proceedings -- Confidential health care communication

(a) Except as provided in subsection (b) of this section, confidential health care communications shall not be subject to compulsory legal process in any type of judicial proceeding, and a patient or his or her authorized representative has the right to refuse to disclose, and to prevent a witness from disclosing, his or her confidential health care communications in any judicial proceedings.

(b) The exemption from compulsory legal process and the privilege provided in subsection (a) of this section does not apply:

(1) When an individual introduces his or her physical or mental condition, including, but not limited to, any allegation of mental anguish, mental suffering or similar condition, as an element of his or her claim or defense; provided, that a claim for damages or other relief for "pain and suffering" based solely on one's physical condition shall not be deemed to constitute the introduction of one's mental condition into issue and the exemption and privilege applies in that situation only to those portions of one's confidential health care information relating to mental condition;

(2) When, in a civil or criminal commitment proceeding, a physician, in the course of diagnosis, treatment, or medical evaluation of an individual, determines that an individual is in need of care and treatment in a hospital or any other health care facility which is deemed by the individual's physician to be appropriate for mental illness;

(3) When a court finds that an individual, after having been informed that the communications would not be privileged, has made communications to a psychiatrist in the course of a psychiatric examination ordered by the court; provided, that the communications shall be admissible only on issues involving the individual's mental condition;

(4) When, in any court proceeding, including an ex parte hearing, it is demonstrated on a prima facie basis to the court that the individual's physical or mental condition is of an imminent and serious danger to the physical or mental health of another person;

(5) When, in any action by a person pursuant to § 5-37.3-5(d), or in any policy action brought by an individual against his or her insurance carrier, or by the carrier against an insured, it is demonstrated to the court that the confidential health care information is relevant and material, that court may issue, in its discretion, an order compelling production of this information;

(6) When, in any court proceeding, civil or criminal, the issue arises as to the ingestion by an individual of intoxicating liquor, toluene, or any controlled substance as defined in chapter 28 of title 21, upon motion by any party to that proceeding, and it is demonstrated to the court that the confidential health care information is relevant and material, that court may issue, in its discretion, an order compelling production of that information, if any, which demonstrates the presence of alcohol in a concentration of one tenth of one percent (.1%) or more by weight or the presence of a controlled substance in that individual, as shown by a chemical analysis of a blood, breath, or urine sample, if this test was originally performed at the direction of a law enforcement official in accordance with § 31-27-2.

**HISTORY:** P.L. 1978, ch. 297, § 1; P.L. 1985, ch. 395, § 1; P.L. 1996, ch. 248, § 2; P.L. 1996, ch. 266, § 2.

**NOTES:**
LAW REVIEWS. Survey Section: Confidential Health-Care Records, see 3 R.W.U.L. Rev. 408 (1998).

NOTES TO DECISIONS

Analysis

1. Constitutionality.

2. Grand Jury Investigations.

3. Criminal Trials.

4. Board of Medical Review Investigations.

5. Waiver.

1. CONSTITUTIONALITY.
This section is violative of the separation of powers mandated by Article 3 of the Rhode Island Constitution. Bartlett v. Danti, 503 A.2d 515 (R.I. 1986).
This section is violative of Rhode Island Constitution Article 1, § 5 because, absent the patient consent mandated by § 5-37.3-4(a), it precludes litigants from obtaining and introducing material evidence, thereby preventing litigants from effectively presenting their claims before the trier of fact. Bartlett v. Danti, 503 A.2d 515 (R.I. 1986).

2. GRAND JURY INVESTIGATIONS.
The patient-physician privilege created by the Confidentiality of Health Care Information Act, §§ 5-37.3-1 -- 5-37.3-10, cannot prevent a grand jury investigating Medicaid fraud from subpoenaing patients' records. In re Grand Jury Investigation, 441 A.2d 525 (R.I. 1982).
In light of the supreme court's mandate for a judicial determination of relevancy sufficient to overcome the statutory presumption in favor of confidentiality of health care information in instances in which a patient moves to quash a subpoena pursuant to § 5-37.3-6.1, that court

was satisfied that questions relative to the discoverability of confidential health care communications pursuant to this section, that are of necessity included within a patient's health care information records, would be fully litigated in the first instance in the lower court, with an opportunity to be heard being afforded prior to the issuing of process for any confidential health care information. In re Grand Jury Subpoena, 748 A.2d 821, 2000 R.I. LEXIS 70 (R.I. 2000).

3. CRIMINAL TRIALS.

Since the Confidentiality of Health Care Information Act has been ruled unconstitutional, it cannot bar disclosure of records in sexual abuse proceedings. In re James A., 505 A.2d 1386 (R.I. 1986).

4. BOARD OF MEDICAL REVIEW INVESTIGATIONS.

The Confidentiality of Health Care Information Act does not prevent the subpoenaing of a physician's records of patient treatment during the investigation stages of a board of medical review inquiry into alleged unprofessional conduct. In re Bd. of Medical Review Investigation, 463 A.2d 1373 (R.I. 1983).

5. WAIVER.

This section gives a patient the opportunity to prevent his physician from testifying, but does not entitle a patient to call the physician as a witness or to cross-examine the physician without objecting to any of the physician's testimony, and then to bring a separate suit alleging that the physician violated a duty of confidentiality by testifying. A party who presents or fails to object to testimony of an allegedly privileged nature waives whatever privilege might have existed as to that testimony. Jordan v. Kelly, 728 F.2d 1 (1st Cir. 1984).

Criminal defendant waived right to assert confidentiality of his medical records containing information as to his blood-alcohol level by testifying that he was "in full possession of his faculties" and sober. State v. Boss, 490 A.2d 34 (R.I. 1985).

Trial justice did not err when he allowed into evidence the hospital records pertaining to the defendant's physical condition in regard to his blood-alcohol level, where the defendant had previously testified he was sober. State v. Boss, 490 A.2d 34 (R.I. 1985).

In a prosecution for sexual abuse, the trial court did not err in refusing to grant the defendant broad access to the victim's psychotherapy records on the alleged grounds that the victim has waived her psychotherapist-patient privilege by testifying about her discussions of the abuse with her doctor. The trial court's *in camera* review of the privileged information struck the requisite balance between the defendant's constitutional right to effective cross-examination and the victim's right to confidentiality. A determination by the trial court that the victim's psychotherapy records were irrelevant rendered unnecessary any consideration of whether the psychotherapist-patient privilege had been waived. State v. Khali Kholi, 672 A.2d 429 (R.I. 1996).

Service: **Get by LEXSTAT®**
TOC: General Laws of Rhode Island, Constitution, Court Rules & ALS, Combined > / . . . / > CHAPTER 37.3. CONFIDENTIALITY OF HEALTH CARE COMMUNICATIONS AND INFORMATION ACT **> § 5-37.3-6. Court proceedings -- Confidential health care communication**
Citation: **RI Gen Laws 5-37.3-6**
View: Full
Date/Time: Thursday, December 15, 2005 - 12:11 PM EST

LexisNexis® About LexisNexis | Terms & Conditions
Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights

Service: **Get by LEXSTAT® - Book Browse**
TOC: General Laws of Rhode Island, Constitution, Court Rules & ALS, Combined > / . . . / > CHAPTER 37.3. CONFIDENTIALITY OF HEALTH CARE COMMUNICATIONS AND INFORMATION ACT > **§ 5-37.3-6.1. Court proceedings -- Confidential health care information**
Citation: **RI Gen Laws 5-37.3-6**
Section: **R.I. Gen. Laws § 5-37.3-6.1**

*R.I. Gen. Laws § 5-37.3-6.1*

General Laws of Rhode Island
Copyright; 1953-2005 by the State of Rhode Island and Providence Plantations and Matthew Bender & Company, Inc.

*** Current through the January 2005 Session ***
*** Annotations current through August 26, 2005 ***

TITLE 5. BUSINESSES AND PROFESSIONS
CHAPTER 37.3. CONFIDENTIALITY OF HEALTH CARE COMMUNICATIONS AND INFORMATION ACT

◆ **GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION**

R.I. Gen. Laws § 5-37.3-6.1 (2005)

§ 5-37.3-6.1. Court proceedings -- Confidential health care information

(a) Except as provided in § 5-37.3-6, a health care provider or custodian of health care information may disclose confidential health care information in a judicial proceeding if the disclosure is pursuant to a subpoena and the provider or custodian is provided written certification by the party issuing the subpoena that:

(1) A copy of the subpoena has been served by the party on the individual whose records are being sought on or before the date the subpoena was served, together with a notice of the individual's right to challenge the subpoena; or, if the individual cannot be located within this jurisdiction, that an affidavit of that fact is provided; and

(2) Twenty (20) days have passed from the date of service on the individual and within that time period the individual has not initiated a challenge; or

(3) Disclosure is ordered by a court after challenge.

(b) Within twenty (20) days after the date of service of a subpoena, an individual or his or her authorized representative may file a motion to quash the subpoena in the court in which the case is pending or, if no case is pending, in superior court. A copy of the motion to quash shall be served by the movant upon the party issuing the subpoena in accordance with the rules of civil procedure.

(c) The party issuing the subpoena may file with the court these papers, including affidavits and other sworn documents, as sustain the validity of the subpoena. The movant may file with the court reply papers in response to the issuing party's filing. The court, upon receipt of these papers may proceed in camera. The court may conduct any proceedings as it deems appropriate to rule on the motion, but shall endeavor to expedite its determination.

(d) The court shall grant a motion to quash unless the requesting party can demonstrate that there is reasonable ground to believe the information being sought is relevant to the

proceedings, and the need for the information clearly outweighs the privacy interest of the individual.

(e) In determining whether the need for information clearly outweighs the privacy of the individual, the court shall consider:

(1) The particular purpose for which the information was collected;

(2) The individual's reasonable expectation of privacy in the information;

(3) The degree to which disclosure of the information would embarrass, injure, or invade the privacy of the individual;

(4) The effect of the disclosure on the individual's future health care;

(5) The importance of the information to the lawsuit or proceeding; and

(6) Whether the information is available from another source, including Rule 35 of the Superior Court Rules of Civil Procedure.

(f) If the court determines that a subpoena should issue, the information shall not be disclosed for any other purpose except as authorized by this chapter.

(g) Nothing contained in this section shall be construed to bar a health care provider or custodian of health care information from filing a motion to quash a subpoena for this information in accordance with the rules of civil procedure.

**HISTORY:** P.L. 1996, ch. 248, § 3; P.L. 1996, ch. 266, § 3.

NOTES TO DECISIONS

1. RESPONSE TO SUBPOENAS.

Although confidential health-care information about a person can be subject to compulsory legal process without first obtaining the person's consent, health care entities that are subpoenaed to bring the records to a judicial proceeding are not thereby authorized to disclose the records or the information within to any party or person other than the court. In this case, by not complying with § 9-17-5 governing responses to subpoenas, the pharmacy violated the provisions of this chapter. Washburn v. Rite Aid Corp., 695 A.2d 495 (R.I. 1997).

Because the pharmacy is not a qualified "health care facility", it is not entitled to take advantage of the provisions of § 9-19-39 which allows a qualified health care facility to respond to a subpoena for health-care records by certified mail. Washburn v. Rite Aid Corp., 695 A.2d 495 (R.I. 1997).

Notice provisions of this section requiring that a grand jury notify a patient that his or her medical records have been subpoenaed by the grand jury do not violate the grand jury secrecy requirements of Rule 6(e) of the Superior Court Rules of Criminal Procedure. In re John Doe Grand Jury Proceedings, 717 A.2d 1129 (R.I. 1998).

In light of the supreme court's mandate for a judicial determination of relevancy sufficient to overcome the statutory presumption in favor of confidentiality of health care information in instances in which a patient moves to quash a subpoena pursuant to this section, the court was satisfied that questions relative to the discoverability of confidential health care communications pursuant to § 5-37.3-6, that are of necessity included within a patient's health care information records, would be fully litigated in the first instance in the lower court, with an opportunity to be heard being afforded prior to the issuing of process for any confidential health care information. In re Grand Jury Subpoena, 748 A.2d 821, 2000 R.I. LEXIS 70 (R.I. 2000).

Service: **Get by LEXSTAT® - Book Browse**
TOC: General Laws of Rhode Island, Constitution, Court Rules & ALS, Combined > / . . . / > CHAPTER 37.3. CONFIDENTIALITY OF HEALTH CARE COMMUNICATIONS AND INFORMATION ACT > **§ 5-37.3-6.1. Court proceedings -- Confidential health care information**
Citation: **RI Gen Laws 5-37.3-6**
Section: **R.I. Gen. Laws § 5-37.3-6.1**
View: Full
Date/Time: Thursday, December 15, 2005 - 12:11 PM EST

LexisNexis® About LexisNexis | Terms & Conditions
Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.