Case 1:05-cv-00304-ML-LDA Document 10-4 Filed 12/15/2005 Page 1 of 2

Service: **Get by LEXSTAT®**
TOC: General Laws of Rhode Island, Constitution, Court Rules & ALS, Combined > / . . . / > CHAPTER 17. WITNESSES > **§ 9-17-24. Privileged communications to and information obtained by health care providers**
Citation: **R.I. Gen. Laws § 9-17-24**

*R.I. Gen. Laws § 9-17-24*

General Laws of Rhode Island
Copyright; 1953-2005 by the State of Rhode Island and Providence Plantations and Matthew Bender & Company, Inc.

*** Current through the January 2005 Session ***
*** Annotations current through August 26, 2005 ***

TITLE 9. COURTS AND CIVIL PROCEDURE--PROCEDURE GENERALLY
CHAPTER 17. WITNESSES

- **GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION**

R.I. Gen. Laws § 9-17-24 (2005)

§ 9-17-24. Privileged communications to and information obtained by health care providers

In every legal action, both civil and criminal, no health care provider shall be competent to testify concerning any information obtained about a patient, nor shall he or she be required to produce any documentary evidence obtained about a patient, in the course of the customary professional health care relationship, without the consent of the patient, his or her legal guardian, or, if the patient is deceased, his or her next-of-kin, executor, or administrator. No health care provider shall be allowed in giving testimony to disclose any confidential communication or health care information, properly entrusted to him or her in his or her professional capacity and within the customary health care relationship, and necessary and proper to enable him or her to discharge medical duties in the usual course of practice, without the consent of the patient, his or her legal guardian, or, if the patient is deceased, his or her next-of-kin, executor, or administrator. Notwithstanding the foregoing, a health care provider may be required to testify or produce documentary evidence regarding the medical condition of a patient:

(1) When a patient raises his or her own medical condition in a legal action;

(2) When a court determines that disclosure of health care information about a person is necessary to a determination of the perceptual capacity of that person as a witness in a legal proceeding and that information is unavailable from any source other than a health care provider;

(3) When a court orders or the parties to a legal action agree to a medical evaluation of a party or witness by a health care provider in order to facilitate the resolution of the legal action;

(4) When the question of the competence of a decedent is at issue before the court; or

(5) When consent is not required pursuant to chapter 37.3 of title 5; provided, however, that any such information shall not be admissible in any proceeding against the patient to whom the information pertains.

**HISTORY:** P.L. 1986, ch. 341, § 1; P.L. 1989, ch. 503, § 1.

**NOTES:**
COLLATERAL REFERENCES. Liability for interference with physician-patient relationship. 87 A.L.R.4th 845.

NOTES TO DECISIONS

Analysis

1. Effect of /n 15-7-7 on Confidentiality.

2. Constitutionality.

3. Disclosure of Medical Records.

1. EFFECT OF § 15-7-7 ON CONFIDENTIALITY.
In proceedings for the termination of parental rights, the privilege afforded the health-care provider or recipient by this section must yield to the direct, specific mandate set forth in § 15-7-7, which tells the reader in clear and simple language that in parental-termination proceedings, a parent may not invoke any privilege of confidentiality relating to the parent's illness or any maladies mentioned in § 15-7-7. In re Rene B., 544 A.2d 137 (R.I. 1988).

2. CONSTITUTIONALITY.
The Privileged Communications Act violates Article 1, § 5, of the Rhode Island Constitution by denying the state the right to fully and fairly litigate its criminal prosecution of the defendant. State v. Almonte, 644 A.2d 295 (R.I. 1994).
The Privileged Communications Act violates Article 5 of the Rhode Island Constitution as an unconstitutional intrusion upon the function of the judiciary. State v. Almonte, 644 A.2d 295 (R.I. 1994).

3. DISCLOSURE OF MEDICAL RECORDS.
Superior Courts may order health-care providers to disclose medical records regardless of whether the disclosure meets the requirements of subsections (1) through (5) of this section. State v. Almonte, 644 A.2d 295 (R.I. 1994).

Service: **Get by LEXSTAT®**
TOC: General Laws of Rhode Island, Constitution, Court Rules & ALS, Combined > / . . . / > CHAPTER 17. WITNESSES > **§ 9-17-24. Privileged communications to and information obtained by health care providers**
Citation: **R.I. Gen. Laws § 9-17-24**
View: Full
Date/Time: Thursday, December 15, 2005 - 12:12 PM EST

LexisNexis® About LexisNexis | Terms & Conditions
Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.