JRO:CLI:jlb:cli 37171 \pleading\37171memomotion

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FREDERICK TEDESCHI | : | |
| | : | |
| VS. | : | C. A. NO. 2005-304ML |
| | : | |
| TRAVIS & NATALIE, INC. | : | |

**DEFENDANT, TRAVIS & NATALIE, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO OVERRULE OBJECTIONS AND/OR COMPEL FURTHER PRODUCTION**

The plaintiff, Frederick Tedeschi, has failed to adequately respond and/or produce copies of the following documents or records in compliance with the defendant's request for production dated October 20, 2005. The defendant moves to overrule objections and compel further production as outlined below:

1. The following medical reports and bills (See plaintiff's response to defendant's request for production #1 in the attached *Exhibit A*):

a. Any and all medical reports and bills for treatment rendered by South County Walk-In and Primary Care;

b. Any and all medical reports and bills for treatment rendered by Eastern Long Island Hospital in Greenport, NY;

c. Any and all medical reports and bills for treatment rendered by Dr. Lenzo of Mount Sinai Hospital in New York, NY for an injury occurring on or about April 15, 2000;

d. Any and all physical therapy notes, reports and bills as prescribed by Dr. David B. Burns of South County Orthopedics on plaintiff's May 4, 2005, office visit.

It is imperative that the defendants receive all of the above medical records of Mr. Tedeschi prior to the orthopedic and functional capacity examinations which have been agreed to by plaintiff's counsel and are currently scheduled to take place on February 22, 2006.

2. The plaintiff has failed to produce any documents showing actual payment of medical care, food and lodging during the period from his injury until reaching maximum medical improvement. (See attached *Exhibit A* plaintiff's response to defendant's request for production number 4.) The plaintiff has simply responded that Vytra Health Plan of Melville, NY, is "distinctly uncooperative". This response is inadequate if the plaintiff believes that the records are material to his case. The plaintiff has the power of subpoena to get the records, and if he is unable or unwilling to obtain the records, then he should not be allowed any reference to treatment there, or the need for treatment

there should be prohibited at trial.

3. The plaintiff had objected to producing the original of each receipt of an expenditure by plaintiff for all maintenance and the original of each receipt of an expenditure by plaintiff for cure (see attached *Exhibit A*, plaintiff's response to defendant's request for production number 14). The plaintiff should be compelled to produce the records as requested in support of his claim. Maintenance is provided to seamen only for expenses actually incurred. If these expenses have in fact been incurred, plaintiff must produce these records.

4. The plaintiff has objected based on relevance, to defendant's request for all driver's licences belonging to the plaintiff (see attached *Exhibit A*, plaintiff's response to defendant's request for production number 17). The plaintiff should be compelled to produce the requested documents. Relevance is insufficient under Rule 26 of the Federal Rules of Civil Procedure to preclude discovery. These documents are clearly likely to lead to the discovery of admissible evidence.

5. The plaintiff has objected, based on relevance, to defendant's request for copies of all records and pleadings concerning past or pending legal actions concerning the plaintiff. (See attached *Exhibit A*, plaintiff's response to defendant's request for production number 23). At the very least, the plaintiff should be compelled to produce copies of all records in the case identified as *State of Rhode Island v. Frederick Tedeschi*, Washington County C.A. No.: W2-2004-0447A, which is directly related to the incident of September 30, 2004, which is the subject of plaintiff's complaint.

6. The plaintiff has failed to produce all records concerning corporations in which the plaintiff is an officer or director, specifically, Fleetwood Corporation of Greenport, NY, as identified in plaintiff's response to defendant's request for production number 29 in the attached *Exhibit A*. The plaintiff should be compelled to produce the following records with respect to this corporation, unless he has no claim for lost earnings:

a. All records of earnings of the corporation from 5 years prior to September 30, 2004, up to and including the present.

b. All records of wages or any money paid to any employee, officer or contractor of the corporation.

c. Annual State and Federal Income Tax Returns for Fleetwood Corporation from 5 years prior to September 30, 2004, up to and including the present.

7. The plaintiff has filed a victims impact statement submitted to the Department of Attorney General (see plaintiff's response to the defendant's request for production number 39 in the attached *Exhibit A*). Plaintiff has failed to produce any supporting documentation and should be compelled to do so, or state that there is none.

DEFENDANT,
By Its Attorney,

J. Renn Olenn by MLD #6089

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 1.24.06 to:

Merlyn O'Keefe, Esq.
Packer & O'Keefe
1220 Kingstown Road
Peace Dale, RI 02879

Jessica Beaudry