**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FREDERICK TEDESCHI<br>PLAINTIFF | : | |
| vs. | : | C.A. NO.: 2005-304 ML |
| TRAVIS & NATALIE, INC.<br>DEFENDANT | : | |

## FIRST AMENDED COMPLAINT

1. Plaintiff, Frederick Tedeschi, is a citizen of the State of New York, a seaman and, at all times hereinafter referred to, a member of the crew of the F/V Travis and Natalie, a commercial fishing vessel.

2. Defendant, Travis & Natalie, Inc., is a corporation duly organized under the laws of the State of Rhode Island, regularly doing business in this state, and at all times hereinafter referred, it owned, controlled and operated the F/V Travis and Natalie, a commercial fishing vessel and employed Plaintiff, Frederick Tedeschi.

## JURISDICTION

3. Jurisdiction lies under the Merchant Marine Act of 1920, more commonly known as 46 U.S.C. 688 as supplemented by the Federal Employee's Liability Act 45 U.S.C. 51 and the General Maritime Law of the United States of America, as well as under 28 U.S.C. 1331 and 1333.

## COUNT I
(MAINTENANCE AND CURE)
(As To Defendant, Travis & Natalie, Inc.)

4. On or about 30 September 2004 the Plaintiff, Frederick Tedeschi, was in the employ of the Defendant, Travis & Natalie, Inc., as a seaman aboard the F/V Travis and Natalie and suffered a serious personal injury.

5. There was no charter in effect between the Defendant, Travis & Natalie, Inc., and any third party on or about 30 September 2004.

6. Plaintiff, Frederick Tedeschi, was in the service of the F/V Travis & Natalie, and was in the exercise of due care in the performance of his seaman's duties.

7. As a result of said injuries, Plaintiff, Frederick Tedeschi, was unable to engage in work as a crew member on a fishing vessel which is his usual occupation.

8. Plaintiff, Frederick Tedeschi, is entitled to be paid actual expenditures for food and housing.

9. Plaintiff, Frederick Tedeschi, has not reached maximum medical cure.

10. Plaintiff, Frederick Tedeschi, has made demand for maintenance and cure.

11. Defendant has refused to pay any maintenance and refused to pay any cure.

12. The many ailments Plaintiff, Frederick Tedeschi, now complains of occurred and otherwise manifested themselves while he was in the service of the F/V Travis and Natalie.

13. Defendant, Travis & Natalie, Inc., is callous and indifferent to its obligation to pay maintenance and cure.

WHEREFORE, the Plaintiff, Frederick Tedeschi, demands judgment against the Defendant, Travis & Natalie, Inc., for daily living expenses (food and lodging) sufficient to maintain himself in a manner comparable to that which he received aboard the F/V Travis and Natalie, the total cost of all medical expenses incurred by the Plaintiff, Frederick Tedeschi, as a result of the aforesaid injuries, wages to the end of the fishing season, together with taxable costs and prejudgment interest, attorney's fees and punitive damages.

## COUNT II

(JONES ACT 46 U.S.C. 688)
(As To Defendant, Travis & Natalie, Inc.)

14. The Plaintiff repeats and re-alleges all of the allegations set forth above in paragraphs 1 through 13.

15. The injuries sustained by the Plaintiff, Frederick Tedeschi, were not caused by any fault on his part, but negligence by the Defendant, Travis & Natalie, Inc., its agents or servants, was a contributing cause of the Plaintiff's injuries, as follows:

    (A) Failure to use due care to furnish the Plaintiff, Frederick Tedeschi, with a reasonably safe place in which to perform his work.

    (B) Failure to use due care to provide and maintain a seaworthy vessel including its crew member.

(C) Failure to provide a secure cabin and living quarters.

(D) Failure and negligence in other respects that will be shown at trial.

16. As a result of said injuries, the Plaintiff, Frederick Tedeschi, has suffered loss of past, present and future earning capacity, medical expenses, pain and suffering, mental anguish, loss of the enjoyment of life and other damages.

WHEREFORE, the Plaintiff, Frederick Tedeschi, demands judgment against the Defendant, Travis & Natalie, Inc., for compensatory damages in an amount of five hundred thousand dollars ($500,000.00) together with taxable costs and prejudgment interest.

**COUNT III**
(BREACH OF WARRANTY OF SEAWORTHINESS)
(As To Defendant, Travis & Natalie, Inc.)

17. The Plaintiff, Frederick Tedeschi, repeats and re-alleges all of the allegations set forth above in paragraphs 1 through 16.

18. The injuries sustained by the Plaintiff, Frederick Tedeschi, were caused by the un-seaworthiness of the F/V Travis and Natalie, including, but not limited to, its not having an adequate crew or adequate equipment and more particularly having a crew member of a savage and vicious nature.

19. As a result of said injuries, the Plaintiff, Frederick Tedeschi, has suffered loss of past, present and future earning capacity, medical expenses, pain and suffering, mental anguish, loss of the enjoyment of life and other damages.

WHEREFORE, the Plaintiff, Frederick Tedeschi, demands judgment against the Defendant, Travis & Natalie, Inc., for compensatory damages in an amount of five hundred thousand dollars ($500,000.00) together with taxable costs and prejudgment interest.

**COUNT IV**
(RETALIATORY TERMINATION)

20. The Plaintiff, Frederick Tedeschi, repeats and re-alleges all of the allegations set forth above in paragraphs 1 through 19.

21. At various times, Defendant, Travis and Natalie, Inc., its officers, agents and employees represented to Plaintiff, Frederick Tedeschi, that they would pay his expenses, paid some of them but refused to pay others, and Plaintiff, Frederick Tedeschi, pressed his legal

claim for these damages, particularly maintenance and cure, but also for damages for violations of the Jones Act and Breach of the Warranty of Seaworthiness.

22. Plaintiff, Frederick Tedeschi, although in great pain, returned to work as a crew member aboard the Defendant's vessel some eight weeks post his attack.

23. At the conclusion of the trip, Plaintiff, Frederick Tedeschi, was summarily fired by the Defendant, Travis and Natalie, Inc., its officers, agents and employees.

24. Plaintiff, Frederick Tedeschi, was fired for exercising those rights under the Jones Act and General Maritime Law.

25. Among the compensatory damages Plaintiff Tedeschi claims are, (a) expense of finding new employment, (b) lost earnings while seeking other employment, (c) the difference between what he now makes and made there, and (d) mental anguish.

Wherefore, the Plaintiff, Frederick Tedeschi, demands judgment against the Defendant, Travis & Natalie, Inc., for compensatory damages in an amount of five hundred thousand dollars ($500,000.00) together with taxable costs and prejudgment interest.

**COUNT V**
(MAINTENANCE AND CURE)

26. The Plaintiff, Frederick Tedeschi, repeats and re-alleges all of the allegations set forth above in paragraphs 1 through 25 except to change the date of his separate illness or injury to the spring of 2005.

27. As to this particular injury, Plaintiff made demand of Frederick Mattera, who agreed to pay cure as set forth in a resubmitted invoice of 7 April 2005 which was submitted to Defendant, Travis and Natalie, Inc., and was for services rendered Plaintiff by South County Walk-In on 18 August 2004.

WHEREFORE, the Plaintiff, Frederick Tedeschi, demands judgment against the Defendant, Travis & Natalie, Inc., for daily living expenses (food and lodging) sufficient to maintain himself in a manner comparable to that which he received aboard the F/V Travis and Natalie, the total cost of all medical expenses incurred by the Plaintiff, Frederick Tedeschi, as a result of the aforesaid injuries, wages to the end of the fishing season, together with taxable costs and prejudgment interest, attorney's fees and punitive damages.

Respectfully submitted
Plaintiff Frederick Tedeschi
By his Attorneys:
PACKER & O'KEEFE

Merlyn P. O'Keefe, Esquire
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

Frederick Tedeschi demands trial by jury as to all counts and designates Merlyn P. O'Keefe, Esquire as trial counsel.

## CERTIFICATION

I hereby certify that I mailed a true copy of the within, first class postage pre-paid, on the 1st day of March 2006 to the following: J. Renn Olenn, Esquire, OLENN & PENZA, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling