**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FREDERICK TEDESCHI | : | |
| PLAINTIFF | : | |
| | : | |
| vs. | : | C.A. NO.: 2005-304 ML |
| | : | |
| TRAVIS & NATALIE, INC. | : | |
| DEFENDANT | : | |

**MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 37**
**REGARDING DEPOSITION OF FREDERICK MATTERA,**
**PRINCIPAL OF DEFENDANT**

Comes now your Plaintiff Frederick Tedeschi and moves this Honorable Court to impose sanctions on Defendant for failing to attend his own deposition and its counsel's instructions not to answer one hundred percent of the questions posed.

Respectfully submitted
Plaintiff, Frederick Tedeschi
By his Attorneys:
PACKER & O'KEEFE

Merlyn P. O'Keefe, Esquire
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

CERTIFICATION

I hereby certify that I mailed a true copy of the within, first class postage prepaid, on the 13th day of March 2006 to J. Renn Olenn, Esquire, OLENN & PENZA, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling

**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FREDERICK TEDESCHI<br>PLAINTIFF | : | |
| vs. | : | C.A. NO.: 2005-304 ML |
| TRAVIS & NATALIE, INC.<br>DEFENDANT | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 37 REGARDING DEPOSITION OF FREDERICK MATTERA, PRINCIPAL OF DEFENDANT**

Although Plaintiff received a request for a Court excuse for Defense Counsel for the entire month of January, he did not object, and although Defense Counsel then requested Plaintiff give him a pass for Court obligations for the month of February because he was on trial (ATTACHMENT 1), Plaintiff did not object to that either.

When Plaintiff received a deposition notice for his client by facsimile on 2 March 2006, he waived notice and agreed to appear. Plaintiff and his Counsel arrived at Defense Counsel's office at time for the deposition scheduled by Defendant for 10:00 A.M. (ATTACHMENT 2)-- Plaintiff having traveled from Connecticut and his Counsel from Peace Dale. Ten o'clock came and went and although Defense Counsel's door to his inner office was closed, he and his client did not contact Plaintiff or his Counsel until they walked into the conference room at approximately 10:40 A.M. Defense Counsel commenced his deposition of Plaintiff and continued for several hours. While Plaintiff's Counsel objected, he did not instruct Plaintiff not to answer a single question. When Plaintiff's turn finally came to depose Frederick Mattera, the principal of Defendant, Plaintiff opened by asking if he was familiar with the deposition notice

setting Mr. Tedeschi's deposition for 10:00 A.M. (ATTACHMENT 2) and he (Mr. Mattera) answered both questions affirmatively and this colloquy followed:

3

EXHIBITS

Plaintiff's Exhibits for Identification Page

1 Amended Notice of Deposition of

Frederick Tedeschi 4

4

(PLAINTIFF'S EXHIBIT 1 RECEIVED AND MARKED FOR IDENTIFICATION; Amended Notice of Deposition of Frederick Tedeschi)

FREDERICK J. MATTERA, F-r-e-d-e-r-i-c-k J. M-a-t-t-e-r-a, having been duly sworn, deposes and testifies as follows:

EXAMINATION BY MR. O'KEEFE

Q. Mr. Mattera, showing you what's been marked as Plaintiff's Exhibit 1 for Identification, could you tell me what that is? You've had a chance to look at the document which has been marked as Exhibit 1?

A. Uh-hum (affirmative).

Q. That's a deposition notice, if I'm not mistaken?

A. Correct.

Q. Signed by your attorney--

A. Yes.

Q. --in this case?

A. Yes.

Q. And it was commanding Mr. Tedeschi's presence yesterday at ten o'clock?

A. Yes.

Q. And you showed up for the deposition in Mr. Olenn's office at approximately 10:40, am I

5

correct?

A. Yes, thereabouts.

Q. And when did you lose your respect for Mr. Tedeschi and the Court and me and show up 40 minutes late for a deposition?

MR. OLENN: Don't answer the question. You may go on with another question.

Q. You don't have any respect for this system, do you, Mr. Mattera?

MR. OLENN: Don't answer that question.

Q. You don't have any respect for your former crewman, do you?

MR. OLENN: At this point I'm going to recess the deposition. When you get a civil tone in your head we'll be back. Let's go, Mr. Mattera. Just re-notice the deposition as soon as you have control of your emotions and behave properly and not in such an infantile and hostile manner.

MR. O'KEEFE: File a motion for sanctions.

MR. OLENN: You go right ahead.

MR. O'KEEFE: I will. Good-day.

(The deposition was recessed at 11:30 a.m.)

<u>Transcript of Deposition of Frederick Mattera 10 March 2006</u> (ATTACHMENT 3)

Defendant's conduct is the more egregious in light of Plaintiff having fulfilled its discovery obligations by providing his liability expert's report on 3 January 2006[1], filing a settlement memo before Judge Magistrate for the conference on the 15th and Defendant has not filed any, answering interrogatories, a request for production and submitting to a medical and

---

[1]Defendant sought and received an extension for identifying its experts and received it to 15 March 2006.

vocational examination. While Defendant appears to have all the time in the world to go on the discovery offensive, it appears to have no time or interest in meeting any of its discovery or litigation obligations.

Defendant is so very inattentive to his discovery obligations that it has filed the same motion to overrule objections and/or compel further production twice–once certified on 24 January 2006 and recently again on 7 March 2006.

## ARGUMENT

Defendant has, in effect, failed to appear for its own deposition by failing to engage and then leaving in a huff. This leaves it open to having its evidence as to its defenses barred. *Murphy* v. *Emmen* 1994 U.S. Dist. LEXIS 14841 (D.NH Oct. 13, 1994)

Separately, it is impermissible to instruct a witness, most particularly a party, not to answer a question posed it in a deposition. In particular: "All objections made at the time of the examination... to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition, but the examination shall proceed, with the testimony being taken subject to the objections." F.R.C.P. 30 and those objections, keeping in mind none were given here, are to be stated concisely and in a non-argumentative and non-suggestive manner." *Id.* See also *Calzaturficio S.C.A.R.P.A.* v. *Fabiano Shoe Company* 201 F.R.D. 33 (D Mass. 2001)

## CONCLUSION

Defendant's ongoing disrespect for the rules and failure to meet its obligations should not be allowed to continue and sanctions should.

Respectfully submitted
Plaintiff, Frederick Tedeschi
By his Attorneys
PACKER & O'KEEFE

______________________________
Merlyn P. O'Keefe, Esquire
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

CERTIFICATION

I hereby certify that I mailed a true copy of the within, first class postage prepaid, on the 13th day of March 2006 to J. Renn Olenn, Esquire, OLENN & PENZA, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling
______________________________
Bonnie S. Dowling