JRO:CLI:co:cli 37171 \pleading\37171Amed Depo2 Tedeschi

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

FREDERICK TEDESCHI :
:
VS. : C. A. NO. 2005-304ML
:
TRAVIS & NATALIE, INC. :

## AMENDED NOTICE OF DEPOSITION

**DEPONENT**: Frederick Tedeschi

**DATE:** March 9, 2006

**TIME**: 10:00 a.m.

**PLACE**: 530 Greenwich Avenue, Warwick, RI 02886

**DOCUMENTS REQUESTED**: See attached Exhibit A.

Please take notice that the above oral examination will be conducted pursuant to the Federal Rules of Civil Procedure before an officer authorized by law to administer oaths. Said examination will continue from day to day until completed.

The deponent is to bring the requested documents for examination and copying.

DEFENDANT,
By its Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

(ATTACHMENT 2)

## CERTIFICATION

I certify that I sent a true copy of the within on 3/2/06 to:

Merlyn O'Keefe, Esq.
Packer & O'Keefe
1220 Kingstown Road
Peace Dale, RI 02879

Allied Court Reporters
115 Phenix Avenue
Cranston, RI 02920

Cheryl [signature]

***THIS NOTICE SUPERSEDES PRIOR DEPOSITION SCHEDULED FOR FEBRUARY 28, 2006 AT 10:00 A.M.***

**EXHIBIT A**

1. All hospital, doctor and medical records of treatment or examination of the plaintiff not only related to each of the injuries alleged in the above case, but any other illnesses, injuries, examinations or treatments for a period of five (5) years prior to the date of each injury complained of in this case, and up to and through the date of trial.

2. All social security, disability, or other federal, state, or local government disability plan applications, notices of injury or claims submitted by the plaintiff, not only related to each of the injuries alleged in the above case, but any other illnesses or injuries or examinations for a period of five (5) years prior to the date of each of the injuries complained of in this case, and up to and through the date of trial.

3. All correspondence between the plaintiff and any employer concerning a physical injury and/or work related illness sustained by the plaintiff, not only to each of the injuries alleged in the above case, but any other illnesses or injuries or examinations for a period of five (5) years prior to the date of each of the injuries complained of in this case, and up to and through the date of trial.

4. All documents showing actual payment of medical care, food and lodging during the period from your injury until reaching maximum medical improvement.

5. All plaintiff's income tax returns and social security records of earnings and income for a period of five (5) years prior to the date of each of the alleged injuries in this action and up to the date of trial, including authorizations for defendant's counsel to obtain such records from the Internal Revenue Service or other appropriate governmental agency.

6. All medical bills in connection with each of the plaintiff's alleged injury(ies).

7. All United States Coast Guard reports in connection with each of the plaintiff's alleged incidents or accidents which produced each of his injuries.

8. All prescriptions and prescription records for medicine prescribed to the plaintiff as a result of any of his injuries.

9. All vocational evaluations and test results concerning the plaintiff.

10. All rehabilitation records and evaluations concerning the plaintiff.

11. All physical therapy evaluations and records concerning the plaintiff.

12. All pain management records and evaluations concerning the plaintiff.

13. All documents referred to in answering the defendant's interrogatories.

14. The original of each receipt of an expenditure by plaintiff for all maintenance and the original of each receipt of an expenditure by plaintiff for cure.

15. A list of publications authored or co-authored by the experts identified in the plaintiff's answers to interrogatories.

16. All curriculum vitaes and resumes of the experts identified in the plaintiff's answers to interrogatories.

17. All driver's licenses belonging to the plaintiff.

18. All Department of Welfare identification cards issued to the plaintiff.

19. All criminal records of the plaintiff.

20. All parole records of the plaintiff.

21. All probation records of the plaintiff.

22. All business cards bearing the plaintiff's name or the name of his business.

23. All records and pleadings concerning past or pending legal actions concerning the plaintiff.

24. All records concerning plaintiff's claim(s) for unemployment compensation or temporary disability payments.

25. All records concerning plaintiff's claim(s) for social security disability.

26. All financial aid applications submitted by the plaintiff.

27. All welfare applications submitted by the plaintiff.

28. All documents concerning partnerships in which the plaintiff is a participant.

29. All records concerning corporations in which the plaintiff is an officer or director.

30. All correspondence between the plaintiff and any third party concerning each of the injuries which are the subject matter of this litigation.

31. All personal logs, notes, diaries or other writings kept by the plaintiff which refer to each of the injuries which are the subject matter of this litigation and/or refers to

plaintiff's income or earnings affected by each injury.

32. All expert reports, including all data and materials used by the expert to arrive at his opinions concerning the subject matter of this litigation.

33. All signed and/or unsigned statement or statements recorded by mechanical and/or electronic means of any crew member or other person which relates to or refers to each physical injury which are the subject matter of this litigation.

34. All photographs and video-recordings of the vessel, the site of each of the injuries, the plaintiff, or other items relevant to the subject matter of this litigation.

35. All charts, drawings, models, sketches, or other depictions concerning the subject matter of this litigation.

36. All audio and visual representations and/or recordings concerning the subject matter of this litigation.

37. Any and all accident and incident reports filed with the Coast Guard, harbor patrol, and/or other government agencies.

38. A copy of each and every report filed with the captain or Workers' Compensation carrier referring or relating to a First Report of Injury as a result of this accident.

39. Provide a complete copy of the victim's statement and supporting documentation of all documents submitted by you or on your behalf as a result of a criminal complaint arising out of this incident and list and identify all sums of money you have received, the purpose for with the money was provided and a copy of all documents that you either received or signed as a result of being a victim of a crime.

40. Copies of any and all settlement sheets for every boat the plaintiff has worked on since the incident.

41. Copies of plaintiff's tax returns for the years 2002 up to and including the present time.

42. Copies of all documents that reflect income that is or has not been reported as taxable income from three (3) years prior to the accident to the present.

JRO:co 37171 \misc\37171Ex