JRO:MKD:pac 37171 \pleading\37171Answer.wpd

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FREDERICK TEDESCHI | : | |
| | : | |
| VS. | : | C. A. NO. 2005-304ML |
| | : | |
| TRAVIS & NATALIE, INC. | : | |

**ANSWER**

1. Denied that plaintiff was a member of the crew of the F/V Travis & Natalie at all times referred to in the complaint. Admitted that plaintiff served as a crewman on the F/V Travis & Natalie at various times. Defendant is without sufficient information to admit or deny the remainder of the allegation.

2. Admitted that defendant, Travis & Natalie, Inc., is a Rhode Island corporation, regularly doing business in this state and is the owner of the F/V Travis & Natalie. Denied that plaintiff, Frederick Tedeschi, was employed by Travis & Natalie, Inc. at all times referred to in the complaint.

**JURISDICTION**

3. Defendant admits that jurisdiction is proper under 46 U.S.C. App. §688. Defendant denies that jurisdiction lies, either directly or indirectly, under 45 U.S.C. §51. Admitted as to the remainder of the allegation.

**COUNT I**
(MAINTENANCE AND CURE)
(As to defendant, Travis & Natalie, Inc.)

4. Denied.

5. Admitted.

6. Denied.

7. Defendant is without sufficient information to admit or deny the veracity of the allegation.

8. Denied.

9. Denied.

10. Admitted.

11. Admitted.

12. Denied.

13. Denied.

WHEREFORE, defendant demands judgment against plaintiff, together with attorney's fees and costs.

**COUNT II**
(JONES ACT 46 U.S.C. §688)
(As to defendant, Travis & Natalie, Inc.)

14. Defendant hereby restates and realleges responses in paragraphs 1 through 13 as if herein stated.

15. A-D, these allegations are Denied.

16. Denied.

WHEREFORE, defendant demands judgment against plaintiff, together with attorney's fees and costs.

**COUNT III**
(BREACH OF WARRANTY OF SEAWORTHINESS)
(As to defendant, Travis & Natalie, Inc.)

17. Defendant hereby restates and realleges responses in paragraphs 1 through 16 as if herein stated.

18. Denied.

19. Denied.

WHEREFORE, defendant demands judgment against plaintiff, together with attorney's fees and costs.

**COUNT IV**
(RETALIATORY TERMINATION)

20. The defendant repeats its previous responses.

21. Admit that officers of Travis and Natalie, Inc. paid some medical expenses for prescriptions when requested by the plaintiff as presented. Further, it is denied that other or further bills were either presented or requested to be paid by the defendant.

22. Admit that plaintiff returned to work subsequent to the incident. The remaining allegations are denied.

23. Denied.

24. Denied.

25. Denied

WHEREFORE, defendant demands judgment against the plaintiff, together with attorney's fees and costs.

**COUNT V**
(MAINTENANCE AND CURE)

26. The defendant repeats its previous responses.

27. Denied.

WHEREFORE, the defendant demands judgment against plaintiff, together with attorney's fees and costs.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Defendant affirmatively pleads that plaintiff's alleged injuries were due in whole or in part to the plaintiff's own negligence and failure to exercise his duty of care and not to any negligence, fault

or unseaworthy condition on the part of defendant.

WHEREFORE, defendant demands judgment against plaintiff, together with attorney's fees and costs.

**SECOND DEFENSE**

Defendant affirmatively pleads that plaintiff assumed the risk of his alleged injuries.

WHEREFORE, defendant demands judgment against plaintiff, together with attorney's fees and costs.

**THIRD DEFENSE**

Defendant affirmatively pleads that the plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, defendant demands judgment against plaintiff, together with attorney's fees and costs.

**FOURTH DEFENSE**

Defendant affirmatively pleads that none of plaintiff's alleged injuries occurred while he was in service of the vessel, F/V Travis & Natalie.

WHEREFORE, defendant demands judgment against plaintiff, together with attorney's fees and costs.

**FIFTH DEFENSE**

Defendant affirmatively pleads that any and all injuries incurred by plaintiff resulted from a superceding intervening cause.

WHEREFORE, defendant demands judgment against plaintiff, together with attorney's fees and costs.

**SIXTH DEFENSE**

Defendant affirmatively pleads that any and all injuries incurred by the plaintiff were the result of a purposeful and unforeseeable attack by a third party. Further, plaintiff specifically assumed the risk of attack by provoking his attacker.

WHEREFORE, defendant demands judgment against plaintiff, together with attorney's fees and costs.

## SEVENTH DEFENSE

Defendant affirmatively pleads that the plaintiff has failed to present documents sufficient for the defendant to determine whether or not payment is to be made for maintenance and or cure.

WHEREFORE, defendant demands judgement against the plaintiff, together with attorney's fees and costs.

## EIGHTH DEFENSE

Defendant affirmatively pleads waiver by the plaintiff of claims for maintenance and cure as well as loss of income or wages for the attack alleged.

WHEREFORE, defendant demands judgment against the plaintiff, together with attorney's fees and costs.

Defendant demands a trial by jury.

DEFENDANT,
By its Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

## CERTIFICATION

I certify that I sent a true copy of the within on 3/10/06 to:

Merlyn O'Keefe, Esq.
Packer & O'Keefe
1220 Kingstown Road
Peace Dale, RI 02879

Maureen E. Sunden