JRO:jlb 37171 \pleading\37171protectivemotion

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FREDERICK TEDESCHI | : | |
| | : | |
| VS. | : | C. A. NO. 2005-304ML |
| | : | |
| TRAVIS & NATALIE, INC. | : | |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Now comes Fred Mattera, principal of defendant, Travis & Natalie, Inc., and moves for a protective order against the wholly inappropriate conduct of plaintiff's counsel in deposing Mr. Mattera.

A memorandum in support of this motion is attached.

DEFENDANT,
By Their Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 3/13/06 to:

Merlyn O'Keefe, Esq.
Packer & O'Keefe
1220 Kingstown Road
Peace Dale, RI 02879

Jessica Beaudry

JRO:jlb 37171 \pleading\37171protective

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FREDERICK TEDESCHI | : | |
| | : | |
| VS. | : | C. A. NO. 2005-304ML |
| | : | |
| TRAVIS & NATALIE, INC. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER**

Plaintiff's counsel's behavior at the scheduled deposition of the defendant's principal, Fred Mattera, on Friday, March 10th, 2006, was harassing, hostile, and completely inappropriate. As can be seen from the attached transcript, the plaintiff's counsel, Merlyn P. O'Keefe, attacked the witness with a barrage of hostile, irrelevant, and wholly inappropriate accusations about the deposition of the plaintiff that had taken place the day before.

O'Keefe's unceasing hostility toward the witness and persistent attempts to bait him into an argument about a completely irrelevant matter finally required Mattera's attorney to stop the deposition and invite plaintiff to re-notice it after he, Attorney O'Keefe, had calmed down. Defendant requests this court issue a protective order, 1) requiring any future deposition of Mattera to take place at the Federal District Courthouse in Providence; and 2) preventing Attorney O'Keefe from engaging in similar berating behavior at any future deposition.

Defendant's counsel has made a good faith effort to resolve the matter by inviting plaintiff's counsel to re-notice the Mattera deposition when plaintiff's counsel has calmed down. Plaintiff's counsel responded with a threat to file a motion for sanctions. There is no reasonable basis to conclude that a further deposition won't be used by plaintiff's counsel as an opportunity to vent his spleen, which now makes this motion necessary.

Rule 30(d)(4) of the Federal Rules of Civil Procedure prohibits plaintiff's counsel's behavior and allows for the issuance of a protective order in accordance with Rule 26(c). Specifically, Rule 30

prohibits examinations that are conducted "in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party." Attorney O'Keefe's behavior at the Mattera deposition falls squarely within the purpose of the rule. It is also this kind of behavior that Rule 26(c) is meant to protect against. Rule 26© states in part:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action[1], and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

For the foregoing reasons, pursuant to Rule 30 and 26 of the Rules of Civil Procedure,

---

[1] See text of deposition, a good faith effort to re-notice the depositions has been unsuccessfully attempted by defendant's counsel.

defendant requests this court issue a protective order against the plaintiff's counsel, prohibiting him from engaging in this type of abusive conduct, and further requiring the deposition to be conducted only at the Federal Courthouse where there is access to a Magistrate to supervise and control the behavior of counsel for plaintiff when deposing the defendant's principal for whom plaintiff's counsel has an uncontrollable animus.

DEFENDANT,
By Their Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 3/13/06 to:

Merlyn O'Keefe, Esq.
Packer & O'Keefe
1220 Kingstown Road
Peace Dale, RI 02879