**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SCANNED

| | | |
|---|---|---|
| FREDERICK TEDESCHI<br>PLAINTIFF | : | |
| | : | |
| vs. | : | C.A. NO.: 2005-304 ML |
| | : | |
| TRAVIS & NATALIE, INC.<br>DEFENDANT | : | |

# OBJECTION

Comes now your Plaintiff and objects to Defendant's Motion for a Protective Order.

As grounds for this objection, Plaintiff would rely on the attached Memorandum of Points and Authorities.

Respectfully submitted
Plaintiff, Frederick Tedeschi
By his Attorneys:
PACKER & O'KEEFE

Merlyn P. O'Keefe, Esquire
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

## CERTIFICATION

I hereby certify that I mailed a true copy of the within on the 24th day of March 2006 to J. Renn Olenn, Esquire, OLENN & PENZA, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling

IN THE UNITED STATES COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FREDERICK TEDESCHI PLAINTIFF | : | |
| vs. | : | C.A. NO.: 2005-304 ML |
| TRAVIS & NATALIE, INC. DEFENDANT | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

## FACTS

The barrage of hostile, irrelevant and wholly inappropriate accusations... increasing hostility towards the witness and persistent efforts to bait him Defendant's Memorandum of Law In Support of Their Motion for a Protective Order certified as being mailed on 13 March 2006 never took place nor could it have in the interlude from the 11:35 a.m. start of his deposition to its 11:39 a.m. end, as evidenced by the transcript.* The deposition had been proceeded by the usual niceties and drinking water was provided.

This stands in contrast to the Plaintiff's deposition the day before at defense counsel's office which started forty minutes late.

Plaintiff started his inquiry to probe the bias of the deponent, Frederick Mattera, the principal of Defendant. Incidentally, Frederick Mattera is no shrinking violet: he is a career

*It was extremely difficult for Plaintiff to get Defendant's deposition off the ground as Defense counsel sought a Court excuse for the month of January, was by his own characterization unavailable for the entire month of February. Plaintiff was in a position to comply with his request for a March 1st deposition and even that was cancelled. (ATTACHMENT 1 and ATTACHMENT 2)

fisherman, currently has another case pending against his corporation (_Handrigan_ v. _Travis and Natalie, Inc._ 379 F. Supp. 2d 83 (D. Ma 2005) transferring venue to Rhode Island), a member of the Board of Directors of Sunderland Marine Mutual of Sunderland, United Kingdom and, to the point, has been disclosed as Defendants' own liability expert witness in this very case on March 17, 2006–after his deposition was scheduled to begin and end. Plaintiff must certainly be allowed to determine if this expert is detached and removed from the case he is testifying in or if he has some bias.

All Plaintiff sought was to try to understand how this Defendant who originally promised the Plaintiff it would pay for "everything" at the time of the assault traveled to this point where it has refused even to pay maintenance and cure. Was it disrespect for Plaintiff that caused that about face? Was the disrespect formed when Plaintiff was fired after he requested back pay from the deponent?

## LAW

The Court need look no further than F.R.Civ. Pro. 30. Absent a privilege, no lawyer can instruct a witness not to answer a question as was done here. _Calzaturficio S.C.A.R.F.A._ v. _Fabiano Shoe Co._ 201 F.R.D. 33 (D. Ma 2001) and "Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative manner and non-suggestive manner," F.R.C.P. 30 (d) (1) "but the examination shall proceed with the testimony being taken subject to objections." F.R.C.P. 30 (c)

**CONCLUSION**

"The interest of the discovery rules is that the parties disclose evidence freely and thereby avoid the costly process of judicial intervention." _Daval Steel Products_ v. _M/V Fakerchine_ 951 F.2d 1357, 1365-1366 (2d Cir. 1991) and that intent has been trumped by Defendant. It should not be reinforced and allowed to drag the deposition 30 miles North of its proper venue.

The Court should decline Defendant's invitation to mini-manage discovery and keep those floodgates secure. The record here provides no bases for either of the remedies sought by Defendant. It should not be allowed to profit from its own misconduct.

Respectfully submitted
Plaintiff, Frederick Tedeschi
By his Attorneys:
PACKER & O'KEEFE

Merlyn P. O'Keefe, Esquire
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

CERTIFICATION

I hereby certify that I mailed a true copy of the within on the 24th day of March 2006 to J. Renn Olenn, Esquire, OLENN & PENZA, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling