MAR 17 2006

JRO:mes 37171 \pleading\37171expertdisclosure.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FREDERICK TEDESCHI :
:
VS. : C. A. NO. 2005-304ML
:
TRAVIS & NATALIE, INC. :

**DEFENDANT TRAVIS & NATALIE, INC.'S EXPERT DISCLOSURE**

Defendant may call as expert witnesses the following individuals:

A. Catherine Marcille, Occupational Therapist:

1. Ms. Marcille will express the opinions found in her report which includes that the defendant is below the norm for individuals aged 30-40 in strength (power) in both hands. The net difference in strength of the dominant hand (which should be 10% more than the left) measured 10%less than the left.

Ms. Marcille will also testify to the findings stated in her report which describes the plaintiff's physical and occupational capacity to do work: with both hands; each hand; and, the amount and repetition of various workloads of which he tested to be capable of performing both singular and on a repetitive basis.

2. The basis and reasons for the opinions are taken from the patient history and the measurements of established devices to measure strength, dexterity, power, and other work movement mechanics using standard and recognized occupational tests and equipment measured by standard measuring devices as well as the patient's response or "feedback" during the testing.

3. The data is contained in the report and represents the objective measurements of the work and manipulation performed by the plaintiff with each hand as well as both hands together and the differences or lack of differences in each or both.

Att 3

4. Exhibits may be taken from the graphs contained in the report. There may or may not be further exhibits to express a particular point or to explain some of the data referred to in the report where a graph or a reference to a testing protocol or "norm" taken from the population, in order to more clearly express any or all of the opinions described above.

5. The qualifications are contained in the attached resume.

6. $150 per hour of testimony.

7. None.

B. Edward Ackelman, M.D.

1. Dr. Ackelman will express the opinions found in his attached report which, among others, includes that the patient, when examined by Dr. Ackelman, had well healed scars and the patient had reached maximum medical improvement. His right and left shoulders were symmetrical and full. His elbow had full flexion and extension, supination and pronation bilaterally symmetrical. The examination of his wrist was equal and symmetrical to his left side and his right wrists had full and normal radial deviation (which was the same finding bilaterally). He had some diminished motion at the DIP joint of his right ring finger due to an old injury. His grip strength and pinch were measured with differences noted. He was not in need of any further or formal treatment either conservative or operative. Based on the Guides to the Evaluation of Partial Permanent Impairments of the AMA, 5th Ed. Revised, the plaintiff had a 10% partial permanent impairment of his affected right upper extremity. The impairment will not change and was due to the accident which the patient related in the patient history.

2. The basis for the opinion was the patient history, the medical records examined and listed in the doctor's report (attached) and the physical examination performed on the patient.

3. See #2 above as well as the guides identified in #1 above.

4. None expected at this time.

5. A complete resume will be supplied upon request. The expert is a graduate of Princeton University, Dartmouth Medical School and did an internship at Yale-New Haven

ospital in general surgery, was a junior resident in general surgery at Peter Bent Brigham Hospital and a senior resident at Yale-New Haven Hospital in orthopaedics, as well as the Chief Resident. He has received two Fellowships, one for orthopaedic surgery and one for hand at Roosevelt Hospital in New York. He has numerous honors and awards, medical licenses, Board qualified and re-certified. He has numerous appointments and many teaching credentials in orthopaedics and treatment of hand injuries. He has been appointed to numerous hospital committees, received appointment to regional and national scientific committees. He has written three books (in his specialty of hand injury and care) and 30 chapters in other books. He has written 63 peer review articles, and 48 abstracts and 213 presentations to medical and scientific groups. There is more.

6. $630 per hour of testimony.

7. The expert has testified in previous depositions within the last four years and a list will be provided when it becomes available.

C. <u>Frederick Mattera</u>

1. The individual is a principal of the defendant and will testify as a company expert to hiring practices among the commercial fishing fleet in Point Judith, in addition to his own hiring practices as being consistent with the fleet, and with sound practice in the field of commercial fishing in the New England fishing industry. He is expected to rebut some, all, or most of the conclusions sought to be introduced by an expert hired by the plaintiff on the issue of hiring practices in addition to his fact testimony. Mr. Mattera will testify as a company expert in rebuttal to opinions offered against Travis & Natalie, Inc., if indeed there is any expert opinion offered against Travis & Natalie, Inc., as to hiring practices in and among the commercial fishing fleet in these waters. He will testify as to the need and practice for locking of vessels at Point Judith.

2. The basis for his opinion is his knowledge, skill, practice of many years and his interactions with the fishing industry and with other captains and owners for many, many years.

3. Knowledge gleaned from commercial fishing operations, and hiring from many years of experience.

4. See attached report.

5. No publications. Qualifications are described in paragraph 1 above. This company expert has been employed in the commercial fishing industry for decades and has been a spokesman for the fishing fleet in various forums. Mr. Mattera is a U.S.Coast Guard Certified Marine Safety Instructor, and is the President of North East Safety Training Co. NESTCo. through Mr. Mattera conducts training for safety in the fishing industry.

6. The expert will not be paid.

7. None.

DEFENDANT,
By its Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 3/15/06 to:

Merlyn O'Keefe, Esq.
Packer & O'Keefe
1220 Kingstown Road
Peace Dale, RI 02879