UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FREDERICK TEDESCHI | : | |
| | : | |
| v. | : | C.A. No. 05-304ML |
| | : | |
| TRAVIS & NATALIE, INC. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is Plaintiff's Motion for Sanctions (Document No. 29) and Defendant's Motion for Protective Order (Document No. 31). 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on March 31, 2006.

Both of these Motions arise out of the deposition of Frederick Mattera, Defendant's principal, which took place on March 10, 2006 from 11:35 to 11:39 a.m. Plaintiff's counsel requests sanctions because Defendant's counsel directed Mr. Mattera not to answer two questions, and he recessed the deposition after a third question. Defendant's counsel claims that the conduct of Plaintiff's counsel at the deposition was "wholly inappropriate" and that he was justified in recessing the deposition under Fed. R. Civ. P. 30(d)(4) and seeking a protective order.

Plaintiff's counsel started the deposition by asking Mr. Mattera to identify a deposition notice for Plaintiff's deposition held on the prior day. Apparently, the deposition was noticed for 10:00 a.m. but did not start on time. At the hearing, Defendant's counsel indicated that the delay was inadvertent, and he apologized. Plaintiff's counsel apparently believed that the delay showed a lack of respect to him and his client.

Both sides have contradictory descriptions of the event. Plaintiff's counsel describes his conduct as routine questioning to probe Mr. Mattera's bias. Defendant's counsel describes the

atmosphere as hostile and that he felt there was the risk of a physical confrontation. While the true flavor of the exchange at the deposition is not apparent solely from a review of the bland transcript, it is difficult for the Court to see the relevance of the delay in commencing Plaintiff's deposition on the preceding day to the claims made in his Complaint. It is also difficult for me to believe that Defendant's counsel would travel to Peace Dale for a deposition and arrange for Mr. Mattera's presence, and then recess the deposition after approximately five minutes without having at least some good faith concern about the proceeding. Again, it is difficult for this Court to determine whose version is more accurate based solely on a six-page deposition transcript, and it would be a waste of everyone's time and money to hold a full-blown evidentiary hearing over this secondary dispute.

Thus, for the foregoing reasons, Plaintiff's Motion for Sanctions (Document No. 29) is DENIED and Defendant's Motion for Protective Order (Document No. 31) is GRANTED in part and DENIED in part. The parties shall reconvene Mr. Mattera's deposition at a mutually agreeable date prior to April 29, 2006. The deposition shall be conducted by both counsel in compliance with the Federal Rules of Civil Procedure and the Rhode Island Rules of Professional Conduct (See Local Rule Gen. 208(a)). Finally, pursuant to Fed. R. Civ. P. 30(b), this Court orders that the deposition be recorded by videotape in addition to being stenographically recorded, and the parties shall each bear one-half of the expense of such videotaping.

LINCOLN D. ALMOND
United States Magistrate Judge
March 31, 2006