JRO:CLI:jlb:cli 37171 \lpleading\37171motion

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FREDERICK TEDESCHI | : | |
| | : | |
| VS. | : | C. A. NO. 2005-304ML |
| | : | |
| TRAVIS & NATALIE, INC. | : | |

**DEFENDANT'S MOTION TO OVERRULE OBJECTIONS AND/OR COMPEL FURTHER PRODUCTION FROM THE PLAINTIFF**

Now comes the defendant, Travis & Natalie, Inc., and hereby moves to overrule objections and/or compel further production as set forth in the attached memorandum of law within twenty (20) days from the court's order.

DEFENDANT, Travis & Natalie, Inc.
By Its Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATE OF GOOD FAITH**

I hereby certify that I have in good faith conferred or attempted to confer with opposing counsel in an effort to resolve this matter prior to filing this motion.

**CERTIFICATION**

I certify that I ~~sent~~ hand delivered a true copy of the within on 4/14/06 to:

Merlyn O'Keefe, Esq.
Packer & O'Keefe
1220 Kingstown Road
Peace Dale, RI 02879

JRO:CLI:jlb:cli 37171 \pleading\37171memomotion2.wpd

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FREDERICK TEDESCHI | : | |
| | : | |
| VS. | : | C. A. NO. 2005-304ML |
| | : | |
| TRAVIS & NATALIE, INC. | : | |

**DEFENDANT, TRAVIS & NATALIE, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO OVERRULE OBJECTIONS AND/OR COMPEL FURTHER PRODUCTION**

The plaintiff, Frederick Tedeschi, has failed to adequately respond and/or produce copies of the following documents or records in compliance with the defendant's request for production dated October 20, 2005. The defendant moves to overrule objections and compel further production as outlined below on or before April 29, 2006:

1. The plaintiff has failed to produce any documents showing actual payment of medical care, food and lodging during the period from his injury until reaching maximum medical improvement. (See attached *Exhibits A and B* plaintiff's responses to defendant's request for production number 4.) The plaintiff has simply responded that Vytra Health Plan of Melville, NY, is "distinctly uncooperative". The plaintiff then produced a "further tender of documents" (*see Exhibit B)* enclosing billing statements and claim forms submitted to Vytra Health. However, it is unknown if what, if any, of the bills have been paid by Vytra. This response is inadequate if the plaintiff believes that the records are material to his case. The plaintiff has the power of subpoena to get the records, and if he is unable or unwilling to obtain the records, then he should not be allowed any reference to treatment there, or the need for treatment there should be prohibited at trial.

2. The plaintiff has objected based on relevance, to defendant's request for all driver's licences belonging to the plaintiff (see attached *Exhibit A*, plaintiff's response to defendant's request for production number 17). The plaintiff should be compelled to produce the requested documents. Relevance is insufficient under Rule 26 of the Federal Rules of Civil Procedure to preclude discovery. These documents are clearly likely to lead to the discovery of admissible evidence.

3. The plaintiff has failed to produce all records concerning corporations in which the plaintiff is an officer or director, specifically, Fleetwood Corporation of Greenport, NY, as identified in plaintiff's response to defendant's request for production number 29 in the attached *Exhibit A*. The plaintiff should be compelled to produce the following records with respect to this corporation, unless he has no claim for lost earnings:

a. All records of earnings of the corporation from 5 years prior to September 30, 2004, up to and including the present.

b. All records of wages or any money paid to any employee, officer or contractor of

the corporation.

c. Annual State and Federal Income Tax Returns for Fleetwood Corporation from 5 years prior to September 30, 2004, up to and including the present.

4. The plaintiff has produced four pages and a facsimile cover page dated March 31, 2006, identifying the pages as "maintenance material of Mr. Tedeschi" *(See Exhibit C)*, some of which is illegible. The defendant moves to compel an explanation of these pages as to which part of the production they refer to, and if plaintiff fails to identify these documents by April 29, 2006, that the documents be excluded from evidence.

DEFENDANT,
By Its Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I ~~sent~~ hand delivered a true copy of the within on 4/14/06 to:

Merlyn O'Keefe, Esq.
Packer & O'Keefe
1220 Kingstown Road
Peace Dale, RI 02879