37171

1/16
1/13/06

**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FREDERICK TEDESCHI<br>PLAINTIFF | : | |
| vs. | : | C.A. NO.: 2005-304ML |
| TRAVIS & NATALIE, INC.<br>DEFENDANT | : | |

**PLAINTIFF FREDERICK TEDESCHI'S RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE PLAINTIFF OCTOBER 20, 2005**

1. All hospital, doctor and medical records of treatment or examination of the plaintiff not only related to each of the injuries alleged in the above case, but any other illnesses, injuries, examinations or treatments for a period of five (5) years prior to the date of each injury complained of in this case, and up to and through the date of trial.

*Enclosed are the following medical records of:*

*Narragansett Rescue*
*40 Caswell Street*
*Narragansett, RI 02882*

*-EMS Ambulance Run Report of 9/30/04*

*South County Hospital*
*100 Kenyon Avenue*
*Wakefield, RI 02879*

*-Emergency Report for 09/30/04, History and Physical dated 9/30/04, Report of Operation dated 9/30/04, Clinical Consultation Report for 10/02/04, Discharge Summary dated 11/18/04, and copies of records generated by his hospitalization from 9/30/04 through 10/04/04 (progress notes, labs, etc.)*

*South County Orthopedics and Physical Therapy*
*One High Street*
*Wakefield, RI 02879*

*-Office Notes for 5/04/05 evaluation by Dr. David B. Burns*

*Jonathan Owens, M.D., P.C.*
*34 Commerce Drive*
*Riverhead, N.Y. 11901*

*-Office Notes of 11/17/04, and 11/29/05.*

*John Impellizeri, D.O.*
*32645 Main Road*
*P.O. Box 1159*
*Cutchogue, NY 11935*

*-Office notes for Dates of Service: 10/15/04 (ER Follow-up), 11/01/04 and 11/11/04. Quest Diagnostics Lab Report of 11/15/04.*

*South County Walk-In & Primary Care*
*360 Kingstown Road*
*Narragansett, RI 02882*

*-These records have been requested and will be provided upon receipt.*

*Eastern Long Island Hospital*
*201 Manor Place*
*Greenport, NY 11944*

*-These records have been requested and will be provided upon receipt.*

*Regarding records for a period of five (5) years prior to the date of injury, no such records come to mind other than when my right ring finger was crushed aboard the F/V Rebecca on 15 April 2000.*

*I was followed up by Dr. Lenzo, Mount Sinai Hospital, One Gustave L. Levy Place, 1190 Fifth Avenue, New York, NY 10029. I do not have these records. These records are being requested and will be forwarded upon their receipt.*

2. All social security, disability, or other federal, state, or local government disability plan applications, notices of injury or claims submitted by the plaintiff, not only related to each of the injuries alleged in the above case, but any other illnesses or injuries or examinations for a period of five (5) years prior to the date of each of the injuries complained of in this case, and up to and through the date of trial.

*I have made no such applications.*

3. All correspondence between the plaintiff and any employer concerning a physical injury and/or work related illness sustained by the plaintiff, not only to each of the injuries alleged in the above case, but any other illnesses or injuries or examinations for a period of five (5) years prior to the date of each of the injuries complained of in this case, and up to and through the date of trial.

*I have no such correspondence.*

4. All documents showing actual payment of medical care, food and lodging during the period from your injury until reaching maximum medical improvement.

*Plaintiff's medical bills were paid for by Vytra Health Plan, P.O. Box 9091, Melville, NY 11747. Vytra is distinctly uncooperative and Plaintiff is unable to produce these records. No receipts for food are available and Plaintiff is searching for receipts for his mortgage of $988.00.*

5. All plaintiff's income tax returns and social security records of earnings and income for a period of five (5) years prior to the date of each of the alleged injuries in this action and up to the date of trial, including authorizations for defendant's counsel to obtain such records from the Internal Revenue Service or other appropriate governmental agency.

*Enclosed are the following: Copies of Form 1040 U.S. Individual Income Tax Return for the year 2000, 2001, 2002, 2003 and 2004.*

6. All medical bills in connection with each of the plaintiff's alleged injury(ies).

*Enclosed are the following:*

*Narragansett Rescue billing statement dated 5/01/05 for date of service 9/30/04 totalling$310.00.*

*RI Emergency Physicians billing statement dated 12/14/04 for date of*

*service 9/30/04 totalling $291.00.*

*South County Hospital billing statement dated 4/14/05 for dates of service 9/30/04 through 10/04/04 totalling $9,219.38.*

*Louis J. Rubenstein, M.D. billing statement (Alcoa Billing Center) dated 1/23/05 for Date of Service 10/04/04 for subsequent Hospital care totalling $51.00.*

*Kristine A. Cunniff, D.O. billing statement (Alcoa Billing Center) dated 1/23/05 for Date of Service 10/02/04 for inpatient intermediate consultation totalling $150.00, and for date of service 10/03/04 for subsequent Hospital care totalling $84.00.*

*Robert K. Chinn, M.D. for 9/30/04 Anesthesia Service totalling $836.00.*

*South County Orthopedics (David B. Burns, D.O.) billing statement for 9/30/04 surgery totalling $5,100.00. South County Orthopedics billing statement dated 11/02/05 for date of service 5/04/05 totalling $100.00.*

Jonathan Owens, M.D. billing statement dated 11/17/04 for date of service 11/17/04 totalling $70.00. A billing statement for a follow up examination on 11/29/05 has been requested and will be forwarded upon receipt.

John Impellizeri, D.O. billing statement printed on 4/22/05 for dates of service 10/15/04, 11/01/04 and 11/11/04 totalling $250.00.

7. All United States Coast Guard reports in connection with each of the plaintiff's alleged incidents or accidents which produced each of his injuries.

*Plaintiff is not aware of any.*

8. All prescriptions and prescription records for medicine prescribed to the plaintiff as a result of any of his injuries.

*Plaintiff has not kept those records.*

9. All vocational evaluations and test results concerning the plaintiff.

*Plaintiff has none.*

10. All rehabilitation records and evaluations concerning the plaintiff.

*Plaintiff has no such records.*

11. All physical therapy evaluations and records concerning the plaintiff.

*Plaintiff has no such records.*

12. All pain management records and evaluations concerning the plaintiff.

*Plaintiff has no such records.*

13. All documents referred to in answering the defendant's interrogatories.

*Any such documents have been provided.*

14. The original of each receipt of an expenditure by plaintiff for all maintenance and the original of each receipt of an expenditure by plaintiff for cure.

*Objection. The law does not require such records be kept by a plaintiff and plaintiff does not have them. See response to Request No. 4.*

15. A list of publications authored or co-authored by the experts identified in the plaintiff's answers to interrogatories.

*Captain Grant Parker has authored no publications.*

16. All curriculum vitaes and resumes of the experts identified in the plaintiff's answers to interrogatories.

*Captain Parker's resume is attached to his opinion report.*

17. All driver's licenses belonging to the plaintiff.

*Objection, irrelevant.*

18. All Department of Welfare identification cards issued to the plaintiff.

*Objection, relevance. There are no such documents.*

19. All criminal records of the plaintiff.

*Objection, relevance overbroad. Enclosed is Judgment in W2/2004-447A.*

20. All parole records of the plaintiff.

*Objection, relevance overbroad. There are no such documents.*

21. All probation records of the plaintiff.

*Plaintiff has none other than the conditions of supervised probation which are enclosed.*

22. All business cards bearing the plaintiff's name or the name of his business.

*There are none.*

23. All records and pleadings concerning past or pending legal actions concerning the plaintiff.

*Objection, irrelevant.*

24. All records concerning plaintiff's claim(s) for unemployment compensation or temporary disability payments.

*Plaintiff made no such claim.*

25. All records concerning plaintiff's claim(s) for social security disability.

*Plaintiff made no such claim.*

MC

26. All financial aid applications submitted by the plaintiff.

*Plaintiff made no such application if it refers to financial aid for higher learning.*

27. All welfare applications submitted by the plaintiff.

*Plaintiff made no such application.*

28. All documents concerning partnerships in which the plaintiff is a participant.

*Plaintiff is not in a partnership.*

29. All records concerning corporations in which the plaintiff is an officer or director.

*I am President of Fleetwood Corp., P.O. Box 321, Greenport, NY 11944, an S Corporation involved in the ownership and management of real property.*

30. All correspondence between the plaintiff and any third party concerning each of the injuries which are the subject matter of this litigation.

*Plaintiff wrote a victim impact statement which is enclosed.*

31. All personal logs, notes, diaries or other writings kept by the plaintiff which refer to each of the injuries which are the subject matter of this litigation and/or refers to plaintiff's income or earnings affected by each injury.

*Plaintiff has no such documents.*

32. All expert reports, including all data and materials used by the expert to arrive at his opinions concerning the subject matter of this litigation.

*Captain Parker's report has been produced.*

33. All signed and/or unsigned statement or statements recorded by mechanical and/or electronic means of any crew member or other person which relates to or refers to each physical injury which are the subject matter of this litigation.

*Other than those provided the Narragansett Police, Plaintiff is aware of none and these have previously been provided.*

34. All photographs and video-recordings of the vessel, the site of each of the injuries, the plaintiff, or other items relevant to the subject matter of this litigation.

*Other than those taken by Narragansett Police, Plaintiff is aware of none.*

35. All charts, drawings, models, sketches, or other depictions concerning the subject matter of this litigation.

*Plaintiff is aware of none.*

36. All audio and visual representations and/or recordings concerning the subject matter of this litigation.

*Plaintiff is aware of none.*

37. Any and all accident and incident reports filed with the Coast Guard, harbor patrol, and/or other government agencies.

*Plaintiff is aware of none.*

38. A copy of each and every report filed with the captain or Workers' Compensation carrier referring or relating to a First Report of Injury as a result of this accident.

*Plaintiff is aware of none.*

39. Provide a complete copy of the victim's statement and supporting documentation of all documents submitted by you or on your behalf as a result of a criminal complaint arising out of this incident and list and identify all sums of money you have received, the purpose for with the money was provided and a copy of all documents that you either received or signed as a result of being a victim of a crime.

*I have neither received nor requested any benefits but I do enclose the Victim's Impact Statement I submitted to the Department of Attorney General.*

*Frederick Tedeschi* v. *Travis & Natalie, Inc.*
C.A. No. 2005-304ML
Plaintiff Frederick Tedeschi's Response to
Defendants' Request for Production of Documents
Propounded to the Plaintiff October 20, 2005

Respectfully submitted,
Plaintiff, Frederick Tedeschi
By his Attorneys:
PACKER & O'KEEFE

Merlyn P. O'Keefe, Esquire
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

CERTIFICATION

I hereby certify that I mailed a true copy of the within, first class postage prepaid, on the 3rd day of January 2006 to J. Renn Olenn, Esq., OLENN & PENZA, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling