**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FREDERICK TEDESCHI<br>PLAINTIFF | : | |
| vs. | : | C.A. NO.: 2005-304 ML |
| TRAVIS & NATALIE, INC.<br>DEFENDANT | : | |

**PLAINTIFF FREDERICK J. TEDESCHI'S**
**STATEMENT OF UNDISPUTED FACTS**

(1) Defendant Travis and Natalie, Inc. is a corporation organized under the laws of the State of Rhode Island and the owner of the F/V Travis and Natalie. First Amended Complaint and Answer Paragraph 2.

(2) Frederick J. Mattera is the President of Defendant Travis and Natalie, Inc. and the shore-side manager of the F/V Travis and Natalie. Deposition of Frederick J. Mattera of 14 April 2006 at 4 and worked as a commercial fisherman out of Point Judith since 1972. Mattera at 10.

(3) The F/V Travis and Natalie is an offshore dragger fishing out of Point Judith, Rhode Island.

(4) Plaintiff Frederick Tedeschi (Plaintiff Tedeschi) is a resident of the State of Connecticut Deposition of Frederick J. Tedeschi, Jr. of 9 March 2006 at 31, but lived in Eastern most Long Island at the time of the breach. Tedeschi Deposition at Exhibit C.

(5) Plaintiff Tedeschi was employed by Defendant Travis and Natalie, Inc. to work as a deck hand in August 2004–a job that paid sixty-thousand dollars ($60,000.00) per annum for a "fairly full time" deck hand. Mattera Deposition at 66.

(6) Plaintiff Tedeschi made six consecutive trips aboard the F/V Travis and Natalie up until 30 September 2004 when he was assaulted by Benjamin Thomas Troyer (Troyer), with a chainsaw. Tedeschi Deposition at 73.

(7) Troyer had taken the boat as captain on the last trip that landed prior to 30 September 2004 Tedeschi Deposition at 74 and was scheduled to take the boat as captain on 30 September 2004. Mattera Deposition at 56.

(8) It is left to the captain's discretion and there are numerous reasons that a captain in this outfit can leave port earlier than scheduled Mattera Deposition at 37 including but not limited to:

(a) signs of good fishing *Id.* at 37

(b) weather reports *Id.*

(c) repair and supply schedules and availability *Id.* at 38

(9) Troyer had worked with Plaintiff Tedeschi between the last trip that landed prior to 30 September 2004 and the one scheduled to leave on 30 September 2004 changing the gear and, otherwise, rigging the vessel over from the ilex squid fishery to the ground fish

fishery. Tedeschi Deposition at 106.

(10) Troyer had spent the day working and doing errands with Plaintiff Tedeschi, including the two of them driving to Peace Dale to pick up an oxygen or oxy-acetylene tank for the vessel. Mattera Deposition at 35, Tedeschi Deposition at 107.

(11) Troyer invited Plaintiff Tedeschi and a non-party, Mike Long, over to his home in Richmond, Rhode Island which is thirty to thirty-five minutes drive time from Point Judith. Mattera Deposition at 39.

(12) There is evidence that both Troyers, Mike Long, and Plaintiff had consumed alcohol at Troyer's but not admissible evidence of drunkenness. Mattera Deposition at 41-42

(13) Troyer put a knife to Plaintiff Tedeschi's throat "pressed underneath his chin" Tedeschi Deposition at 126-127, and Plaintiff Tedeschi defended himself by striking Troyer on the head with a bottle. Tedeschi Deposition at 128.

(14) Rose Troyer, Troyer's wife, drove Plaintiff Tedeschi back to the F/V Travis and Natalie in Point Judith Mattera Deposition at 61 at approximately 2 a.m. on 30 September 2004, Tedeschi Deposition at 125 and arrived at the boat between 1:45 a.m. and 2:30 a.m., *Id.* at 130, and turned in an hour later. *Id.* at 132.

(15) Plaintiff was going to tidy up the boat for guests of Defendant who were due at 9:00 a.m. Tedeschi Deposition at 133.

(16) Sometime after 6:00 a.m., while Plaintiff Tedeschi was standing in front of the commode aboard the F/V Travis and Natalie at its berth in Point Judith, RI, relieving himself, he was attacked by Troyer wielding a running chainsaw sometime after 5:30 a.m. Tedeschi Deposition at 135, Exhibit C to that deposition.

(17) Troyer continued his attack on Plaintiff Tedeschi with the running chainsaw and cut him on the pinkie and forearm of his dominant right hand. Tedeschi Deposition at 135-136

(18) Troyer stopped the chainsaw attack and put a kung fu knife to the throat of Plaintiff Tedeschi. Tedeschi Deposition at 143

(19) Troyer left the lavatory of the vessel and took the chainsaw with him after the assault, which took less than a minute. Tedeschi Deposition at 144.

(20) Plaintiff Tedeschi was emergently operated on at South County Hospital and hospitalized there for four days.

(21) Plaintiff Tedeschi returned to the vessel some eight weeks later and worked through a great deal of pain but was fired by Frederick Mattera. Tedeschi Deposition at 72.

(22) Plaintiff Tedeschi, in between trips, lived and slept aboard the vessel as, "a convenience I allowed in order to have him present" Mattera Deposition at 57, and had Mr. Mattera's permission to sleep on aboard. *Id.* at 34., who expected Tedeschi would be sleeping

aboard the vessel the night of 29-30 September 2004. Id at 36.

(23) Defendant Travis and Natalie, Inc. has refused to pay a penny in maintenance and cure. Mattera Deposition at 49.

(24) Crew members of the F/V Travis and Natalie have to slide totes or bins weighing 100 to 130 pounds throughout a squid trip and this is heavy work Mattera Deposition at 28, and this would happen hundreds of times in a trip. *Id.* at 29.

(25) Frederick Mattera agrees that the sliding of totes and shoveling of ice is heavier work than the medium work described by his expert witness Catherine Marcille. *Id.* at 31.

(26) The Defendant benefitted by Plaintiff Tedeschi sleeping aboard because if the boat was sinking, Plaintiff Tedeschi could start the pumps and his making sure no one was on the boat. Tedeschi Deposition at 80.

(27) According to the report of Edward Akelman, M.D., the physician hired by Defendant to evaluate Mr. Tedeschi (Attachment A), Plaintiff Tedeschi has a 15.5 cm scar, a grip strength of 81 pounds right, 92 pounds left, tip pinch 11.5 pounds right, 16 pounds left, leading Doctor Akelman to conclude under the AMA Guidelines to Impairment that Plaintiff Tedeschi has a 10% partial permanent impairment to the right upper extremity which will not change in the future and is directly caused by the injury that occurred on

September 30, 2004. (Attachment ___), and that the impairment is causally related to the 30 September 2004 assault.

(28) According to Catherine Marcille, a licensed physical therapist hired by Defendant to evaluate Plaintiff, he is capable of only medium work (Attachment B).

Respectfully submitted,
Plaintiff, Frederick Tedeschi
By his Attorneys:
PACKER & O'KEEFE, LLC

Merlyn P. O'Keefe, Esquire
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

CERTIFICATION

I hereby certify that I mailed a true copy of the within on the 12 day of May 2006 to J. Renn Olenn, Esquire, OLENN & PENZA, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling