IN THE UNITED STATES COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FREDERICK TEDESCHI<br>PLAINTIFF | : | |
| | : | |
| vs. | : | C.A. NO.: 2005-304 ML |
| | : | |
| TRAVIS & NATALIE, INC.<br>DEFENDANT | : | |

**MOTION TO STRIKE DEFENDANT TRAVIS AND NATALIE, INC.'S MOTION FOR SUMMARY JUDGMENT AND IN PARTICULAR ITS STATEMENT OF UNDISPUTED FACTS, SO CALLED**

Comes now your Plaintiff, Frederick Tedeschi, and moves this Honorable Court to strike Defendant Travis and Natalie, Inc.'s Motion for Summary Judgment and supporting memorandum and Undisputed Statement of Facts and to file a reworked motion and supporting documents conforming to F.R.C.P. and Local Rule 56.

As grounds for this motion, Plaintiff, Frederick Tedeschi, would rely on the attached Memorandum of Points and Authorities.

Respectfully submitted
Plaintiff, Frederick Tedeschi
By his Attorney:

Merlyn P. O'Keefe, Esquire
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

CERTIFICATION

I hereby certify that I mailed a true copy of the within on the 8th day of June 2006 to J. Renn Olenn, Esquire, OLENN & PENZA, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling

**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FREDERICK TEDESCHI<br>PLAINTIFF | : | |
| vs. | : | C.A. NO.: 2005-304 ML |
| TRAVIS & NATALIE, INC.<br>DEFENDANT | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF PLAINTIFF FREDERICK TEDESCHI'S**
**MOTION TO STRIKE**

Although Local Rule 56 (a) (2) of this United States District Court requires "Each 'fact' in a Statement of Undisputed Facts shall be set forth in a separate, numbered paragraph and shall identify the evidence establishing that fact, including the page and line of any document to which reference is made, unless opposing counsel has expressly acknowledged the fact is undisputed.", Defendant Travis and Natalie, Inc. has submitted a "Statement of Undisputed Facts Pursuant to Local Rule 12.1" containing close to forty sentences, some with compound facts but not a one with a reference to the record. Some "facts" are benign, some not so and some simply are not of record unless Plaintiff is missing something. Also, to the point, this very Court in no uncertain terms has made it clear that it will not consider conclusory allegations, improbable inferences or unsupported speculation. _Pope_ v. _Potter_ 2005 U.S. Dist. Lexis 30042 (Lisi, J.) and absent specific record reference whether or not a "fact" runs afoul of this rule cannot be evaluated by the Court or opposing counsel.

Former Lcal Rule 12.1 has been expanded by Local Rule 56 as of January 1, 2006 and no longer exists. However, cases construing this antecedent rule are instructive. Local Rule 56, a virtual mirror image of the District Court of Puerto Rico's Local Rule 311.12, puts the burden

where it belongs and insulates the Court from undue and inappropriate scavenging through the record to pinpoint facts that would support a movant's motion for summary judgment and leads to denial of a non-compliant motion recognizing that "Without specific reference to the record a list of uncontested facts is worthless." Euromodas, Inc. v. Zarrella, Ltd. 253 F. Supp. 201 n5 (D. P.R. 2003) affirmed 368 F.3d 11 (1st Cir. 2004)

In short, "Those who fail to recognize the import of Rule 12.1 [now Local Rule 56 (a) 2] do so at their own risk." Pope v. Potter 2005 U.S. Dist. Lexis 30042 (Lisi, J) Such local rules provide much needed structure to the summary judgment process and ensure that district court judges are not unfairly burdened by unrevealed factual issues. D'Oliveira v. Rare Hospitality, Inc. F. Supp. 2d 346 (D.RI 2001)

## CONCLUSION

Plaintiff Tedeschi declines to press for a denial of the motion but rather moves that Defendant's current pending motion for summary judgment be stricken and that Defendant be given twenty (20) days to file a reworked motion for summary judgment conforming to F.R.C.P. and Local Rule 56 in keeping with previous Orders of this Court in similar situations. Carter v. Lindgren C.A. 04-013 ML

Respectfully submitted
Plaintiff, Frederick Tedeschi
By his Attorney:

Merlyn P. O'Keefe, Esquire #2439
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax

# CERTIFICATION

I hereby certify that I mailed a true copy of the within on the 8th day of June 2006 to J. Renn Olenn, Esquire, OLENN & PENZA, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling

Bonnie S. Dowling