UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FREDERICK TEDESCHI :
:
VS. : C. A. NO. 2005-304ML
:
TRAVIS & NATALIE, INC. :

**DEFENDANT'S STATEMENT OF FACTS IN DISPUTE PURSUANT TO LOCAL RULE 56**

(1) Defendant disputes that plaintiff would have made sixty-thousand dollars $60,000 on defendant's vessel. That figure is an estimate of what a fairly full-time crewman earned in 2004. (Mattera depo., p. 66)

(2) Plaintiff failed to show up for a fishing trip on which he was scheduled to serve, costing the boat and fellow crew thousands of dollars in lost time and money. He was not solicited for future trips, nor did he solicit the boat or owners to serve on future trips. (Mattera depo., pgs. 32-34)

(3) No crew member is permitted to drink alcohol on the vessel or to be on the vessel after having drunk alcohol. (Defendant's Answer to Interrogatories, para. 9)

(4) Plaintiff's claim in Paragraph (12) that there is no admissible evidence of drunkenness is disputed as that is for the court's determination.

(5) Tedeschi never stated anything about Troyer pulling a knife on him in his statement to the police or at any other time to defendant's knowledge, except in his deposition. This is disputed. (Statement of Fred Tedeschi - September 30, 2004)

(6) Tedeschi denied hitting Troyer with a bottle to the police, or using it in self-defense against Troyer. This is disputed. (Statement of Fred Tedeschi - September 30, 2004)

(7) The statements of Mike Long, Rose Troyer, and Tedeschi, indicate that the attack at the vessel occurred approximately one (1) hour after Rose dropped Long and Tedeschi off in Point Judith. (Tedeschi depo, p. 133) (Statement of Mike Long - September 30, 2004)

(8) Defendant disputes that plaintiff was to tidy up the vessel for Mattera's arrival at the vessel at 9:00 a.m.and leave him to his proof.

(9) Tedeschi intended on staying the night at Troyer's house in Richmond, not on the

vessel. (Tedeschi depo., p.116)

(10) Troyer did not intend to injure plaintiff with a chainsaw, but only to cut through the locked bathroom door.

(11) Troyer did not "continue" his attack on Tedeschi, but stopped once he realized Tedeschi had been cut. (Statement of Tedeschi to police - September 30, 2004)

(12) There was no physical evidence that Troyer put a knife to plaintiff's throat. (Narragansett Police Report - September 30, 2004)

(13) Plaintiff told Mattera at the hospital that he had medical coverage which would cover his hospital stay. (Mattera depo., p. 49)

(14) Mattera has never needed anyone to stay on the vessel overnight either as a night watchman or to turn on any pumps. (Mattera depo., p. 67)

(15) Defendant holds plaintiff to his proof on the issue of damages, his physical capabilities and infirmities, and causation. These are not issues appropriate for summary judgment or a statement of undisputed facts presented to establish unseaworthiness.

DEFENDANT,
By its Attorneys,

J. Renn Olenn by MKD #6089

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

Martin K. DeMagistris, Esq. #6089
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 6/15/06 to:

Merlyn O'Keefe, Esq.
Packer & O'Keefe
1220 Kingstown Road
Peace Dale, RI 02879