APR 24 2006

JRO:ssg 37171 \pleading\37171RFP.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

A-2

FREDERICK TEDESCHI :
:
VS. : C. A. NO. 2005-304ML
:
TRAVIS & NATALIE, INC. :

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DATED MARCH 26, 2006**

**Request No. 1:** Settlement sheets for any and all trips plaintiff, Tedeschi was aboard.

**Response:** Enclosed.

**Request No. 2:** Settlement sheets and crew rosters for any and all trips taken by the F/V Travis and Natalie from 2001 to date of trial, particularly the trip before plaintiff's injury and the first trip the vessel took after the injury.

**Response:** Objection. The materials are not relevant, nor will it lead to the discovery of relevant evidence as it is merely a fishing expedition by plaintiff to attempt to identify and promote other and further cases. It has provided the first trip the vessel took. The defendant has provided settlement sheet for the trip before plaintiff's injury and the first trip after plaintiff's injury which are enclosed.

**Request No. 3:** Any medical bills presented to you for payment.

**Response:** None.

**Request No. 4:** Any job application for work aboard the vessel submitted by any potential crew member over the last five years.

**Response:** Objection. Applications by other individuals for five years are neither relevant nor material, and are invasive of the privacy of those individuals entitled to apply for work, as well as the defendant's handling of applications of other applicants.

**Request No.5:** Any job applications of Benjamin Troyer.

**Response:** None.

**Request No.6:** Any expert report.

**Response:** Expert reports of Cate Marcille and Dr. Edward Akelman have been provided.

**Request No.7:** The Curriculum Vitae of any expert.

**Response:** The Curriculum Vitaes of the medical professionals identified in paragraph six have been provided.

**Request No.8:** Any surveys or appraisals of the F/V Travis and Natalie dating back to 2001.

**Response:** Objection. There is no indication that any aspect of the vessel involved in this claim would or could be part of a survey or appraisal. The request is burdensome, irrelevant and not calculated to lead to the discovery of any relevant evidence.

**Request No.9:** Any insurance policy particularly noting premiums, receipts, bills, etc.

**Response:** Defendant has previously produced its insurance policy. "Premiums, receipts, bills" are objected to.

**Request No. 10:** Any and all invoices for the following goods and services on the first trip after Plaintiff's injury:

(a) ice

(b) food

(c) ships' stores

(d) fuel oil

(e) bottled oxygen

(f) bottled acetylene

**Response:** See attached settlement sheets which itemize costs for trip.

(a) ice - Are settlement sheet provided already.

(b) food - Are settlement sheet provided already.

(c) ships' stores - Not applicable.

(d) fuel oil - Are settlement sheet provided already.

(e) bottled oxygen - Defendant does not have this.

(f) bottled acetylene - Defendant does not have this.

**Request No. 11:** Any document containing an address for Plaintiff.

**Response:** Defendant has through discovery received documents from plaintiff's treating physicians indicating an address. Surely, the plaintiff's counsel knows his client's address.

DEFENDANT,
By its Attorney,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 4/21/06 to:

Merlyn O'Keefe, Esq.
Packer & O'Keefe
1220 Kingstown Road
Peace Dale, RI 02879